IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL DOCKET NO.: 5:96CR5-V

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **HUBERT RAMSEY,** | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Hubert Ramsey's *Pro Se* "Motion For Reconsideration ...," filed October 2, 2009. (Document #135)

On September 11, 2009, this Court denied Defendant's Section 3582 Motion for Reduction of Sentence based upon the Sentencing Commission's retroactive application of the crack cocaine amendment to the United States Sentencing Guidelines. (Document #131) In doing so, the undersigned explained:

> In the Court's discretion, the sentence of the Defendant will not be reduced ***due to excessive disciplinary actions incurred by the Defendant while incarcerated***. See 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3553(a)(2)(B) and (C).

(Id.) (*emphasis added*).

Defendant now asks the Court to reconsider its ruling. In support, Defendant attaches a district court opinion from the Western District of Virginia, which is not binding upon this Court. *See* United States v. Ayala, 540 F.Supp.2d 676 (February 26, 2008 W.D.Va.). Although relief pursuant to 18 U.S.C. §3582(c)(2) was granted by the district court in Ayala, the court's reasoning is not persuasive under these facts. In Ayala, the court explained that other mechanisms exist for addressing a prisoner's conduct as opposed to declining to reduce a prisoner's sentence – *e.g.*, withholding "good time" credit[1] by the Bureau of Prisons or pursuing prosecution for crimes

---

[1] Most felony offenders within the BOP have the ability to earn up to 54 days per year of "good time" credit for satisfactory behavior. *See* 18 U.S.C. §3624(b)) (provides for "Good Conduct Time).

committed in prison.  Indeed, BOP may sanction inmates in this manner.  (*See* BOP Legal Resource Guide 2008 §IV, C, 5; BOP Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>.)  Yet the sentencing judge has no role in determining BOP's disciplinary response to a given infraction and, in many cases, may not be aware of any internal action taken.  Moreover, as a practical matter, criminal prosecution for prison conduct is unlikely.  As noted in <u>Ayala</u>, "[i]nfractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community."  <u>Ayala</u>, 540 F.Supp.2d at 680.

Defendant Ramsey has received seventeen (17) disciplinary actions during his period of incarceration – five (5) citations for possessing an unauthorized item; three (3) for fighting; three (3) for refusing to obey an order; two (2) for assault without serious injury; and one (1) each for disruptive conduct, refusing to work, using the phone or mail without authorization, and being insolent to a staff member.  Combined, Defendant's citations tend to show that Defendant Ramsey may very well disregard the rules and the laws of the community upon discharge.   For this reason, Defendant's motion to reconsider will be <u>denied</u>.

Signed: December 2, 2009

Richard L. Voorhees
United States District Judge